

**FILED & ENTERED**

**MAR 21 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Michael Richard Collier<br><br><br><br>Debtor(s). | Case No.: 2:21-bk-12272-BB<br><br>CHAPTER 7<br><br>**ORDER AFTER HEARING ON OSC WHY UNIFUND CCF, LLC SHOULD NOT BE HELD IN CONTEMPT FOR KNOWING AND WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION**<br><br>Date:         March 8, 2023<br>Time:         10:00 AM<br>Courtroom: 1539 |

    The Court conducted a hearing on March 8, 2023 at 10:00 a.m. in Courtroom 1539 on the above-entitled court on its February 14, 2023 "Order to Show Cause Why Unifund CCR, LLC Should Not be Held in Contempt for its Knowing and Willful Violations of the Discharge Injunction," Docket No. 44 (the "OSC").  Appearances were as noted in the record at the time of hearing on the OSC.

    The Court, having reviewed and considered the papers filed on behalf of debtor Michael Richard Collier (the "Debtor") in support of the OSC, the opposition of Unifund

-1-

CCR, LLC ("Unifund") thereto, the Debtor's reply to Unifund's opposition, the Court's records and files in this chapter 7 case (the "Case") and the oral argument of counsel at the time of hearing on the OSC, hereby makes the following findings of fact and conclusions of law:

1. The Debtor has a son, also named Michael Richard Collier, whose Social Security Number ends with 6926 and who sometimes refers to himself as Michael Richard Collier, Jr. (the "Son").
2. On or about May 28, 2013, Unifund obtained a state court judgment against the Son (the "Judgment") and recorded an abstract of that Judgment in the Office of the County Recorder for the County of Los Angeles (the "Recorder") on or about August 16, 2013.
3. The abstract of the Judgment that was recorded (the "Abstract") reports the name of the judgment debtor as "Michael Collier, aka Michael R. Collier, Jr.," his last known address as "27934 Helton Dr., Santa Clarita, CA  91350" and the last 4 digits of the judgment debtor's Social Security Number as 6926.  (The last 4 digits of the Debtor's Social Security Number are 5861.)
4. The Debtor owns the real property commonly known as 27934 Helton Drive, Santa Clarita, CA  91350 (the "Property").
5. The recordation of the Judgment with the Recorder caused the real property records for the County of Los Angeles to reflect the existence of a judgment lien against the Property (the "Lien").
6. The Debtor filed the Case on March 22, 2021.  The Debtor included Unifund on the list of creditors to be served with notice in the Case and included the Lien on his Schedule D.
7. On April 19, 2021, the Debtor filed a motion to avoid the Lien as impairing his homestead exemption in the Property (the "Motion").  This Court granted that motion by order entered May 21, 2021 (the "Lien Avoidance Order").

8. Unifund was properly served with the Motion and with a copy of the Lien Avoidance Order.

9. The Debtor obtained a discharge in the Case (without exception for Unifund) on June 28, 2021.

10. On July 2, 2021, as Unifund had not yet taken any steps to cause the Recorder to remove the Lien from its records with regard to the Property, Debtor's counsel called Unifund's counsel to demand that Unifund remove the Lien from the Property. (Debtor testified that he called Unifund several times to make the same request.)

11. The only evidence in the record as to the result of these conversations is that which was offered by the Debtor and his counsel. Both testified that, in each instance, the person with whom they spoke at Unifund said that he/she/they would discuss the matter and get back to the caller with a response sometime thereafter. Neither the Debtor nor his counsel received the promised response from Unifund at any time thereafter.

12. Instead, on September 21, 2021, Unifund sent a letter to the Property addressed to "Michael R. Collier aka Collier, Jr., Michael R," demanding payment of amounts due under the Judgment.

13. On April 15, 2022, counsel for the Debtor wrote to Unifund's counsel, notifying him of the relevant facts and circumstances and demanding that the Lien be removed from the Property and that collection efforts stop. Additional letters and notifications are set forth in the declaration of Debtor's counsel filed in support of the Debtor's request that Unifund be held in contempt and sanctioned.

14. Unifund ignored the foregoing notifications and demands and, instead, filed a memorandum of costs and an application for renewal of the Judgment. On May 31, 2022, Unifund filed a notice of renewal of the Judgment. On July 12, 2022, Unifund recorded its application for renewal of the Judgment with the Recorder.

15. In its opposition to the OSC, Unifund for the first time offered to record a release of the Lien as against the Property.

16. To its opposition, Unifund attached a copy of an email dated February 22, 2023, that it claims (without a supporting declaration) to have sent to counsel for the Debtor after being served with the Debtor's motion requesting the issuance of an order to show cause re contempt. In that email, Unifund's counsel claims that, during a telephone conversation that occurred on October 13, 2022, someone at Unifund advised Debtor's counsel or his staff that the judgment debtor and the Debtor have different social security numbers. Unifund does not, even in this unauthenticated letter, offer to take any steps to remove the cloud on title to the Property that resulted from recordation of the Abstract.

17. The Court finds that Unifund never offered to take any steps to cause the Recorder to remove the Lien from the Property until after it was served with the OSC and that, but for the issuance of the OSC, Unifund would not have made such an offer.

18. The Court finds that Unifund knowingly and willfully violated the Lien Avoidance Order and the Discharge Injunction by failing to take any steps to cause the Lien to be removed from the Property even after having been advised that the Abstract had wrongfully clouded the Debtor's title to the Property.

In light of the foregoing,

**IT IS HEREBY ORDERED** that the Court will refrain from holding Unifund in contempt for knowingly and willfully failing to comply with the Lien Avoidance Order and violating the Debtor's discharge injunction if Unifund does all of the following within time frames set forth below:

1. Delivers to counsel for the Debtor:
    a. an executed and notarized release of the Lien as against the Property with 14 days after entry hereof;

      b. an executed and notarized release of the Lien as against any real property that the Debtor may acquire in the future within 14 days after written request therefor from the Debtor (which request must be accompanied by evidence that the Debtor owns the real property in question and that the Son does not own an interest in such property);

2. Submits a written request to the court that issued the Judgment (the "State Court") to enter an amended form of judgment and issue an amended abstract of that judgment that more clearly reflect that the Judgment is against the Son, whose Social Security Number ends with 6926, and not against the Debtor, whose Social Security Number ends with 5861, once Unifund and the Debtor have agreed upon a proposed form of amended judgment and abstract;

3. If the State Court issues an amended abstract of judgment, records that abstract with the Recorder within 7 days after receiving the issued abstract from the State Court; and

4. Compensates the Debtor for the cost of having to bring a motion and obtain the issuance of the OSC in order to cause Unifund to remove the Lien from the Property by paying such amounts as the Court may order within 14 days after entry of an order setting the amount of such compensation.

**IT IS HEREBY FURTHER ORDERED** that the Court will conduct a continued hearing to determine the amount of attorneys' fees and expenses to be paid to the Debtor pursuant to paragraph 4 above on April 19, 2023 at 10:00 a.m. in Courtroom 1539 of the above-entitled Court (and via Zoom for Government). Debtor's counsel shall serve and file not later than April 5, 2023, one or more declarations under penalty of perjury with attached fee statement(s) setting forth the attorneys' fees and expenses that the Debtor has incurred in connection with his efforts to cause Unifund to remove

the Lien from the Property, including without limitation prosecuting a motion to have Unifund held in contempt and to obtain sanctions.  Unifund may serve and file any opposition that it may have to the amount of fees and expenses requested by the Debtor not later than April 12, 2023.

### 

Date: March 21, 2023

Sheri Bluebond
United States Bankruptcy Judge